UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

SYDNEY MCKINNEY,

    Plaintiff,

Case No.:

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.
_____/

# COMPLAINT
## JURY DEMAND

1. Plaintiff, SYDNEY MCKINNEY, alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

4. Plaintiff, SYDNEY MCKINNEY (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Lee County, Florida.

5. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Plaintiff is the regular user and owner of the subject cellular telephone.

7.     Plaintiff is a "consumer" as defined in Florida Statute §559.55(2).

8.     Defendant, CAPITAL ONE BANK (USA), N.A. (hereinafter "Defendant"), is a national association with its principle place of business located at 1680 Capital One Drive, McLean, VA 22102-3491.

9.     Defendant regularly uses the mail and telephone in for the purpose of collecting of debts.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

10.    Defendant attempted to collect alleged debts arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect monies from Plaintiff concerning a credit card debt that did not belong to her.

11.    As described herein, Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone several times per day, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt.

12.    Plaintiff received between two to five calls per day to her cellular telephone from Defendant in an effort to collect the alleged debt at issue.

13.    Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

14.    Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the*

*Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

15. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

16. As a result of the aforementioned calls, Plaintiff suffered an invasion of her privacy. Plaintiff was affected in a personal and individualized way by stress, anxiety, embarrassment, and aggravation due to Defendant's calls. Further, Defendant's calls resulted in expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while being called by Defendant, and trespass upon Plaintiff's chattel.

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

18. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

19. Plaintiff incorporates Paragraphs 1 through 18 herein.

20. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including §559.72, Florida Statutes.

21. Defendant engaged in an act or omission prohibited under §559.72(7), Florida Statutes, by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) Statutory Damages;

b) Actual Damages;

c) Punitive Damages;

d) Attorney's fees, litigation expenses and costs of suit; and

e) Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates Paragraphs 1 through 18 herein.

23. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice in violation of 47 U.S.C. §227(b)(1)(A)(iii).

24. Defendant violated the TCPA with respect to telephone calls made to Plaintiff's cellular telephone with an automatic dialing system without consent.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:/s/ *Christopher Legg*
Christopher Legg, Esq.
*Attorney for Plaintiff*
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com